Dear Senator Heitmeier:
This office is in receipt of your letter dated June 15, 1995 requesting an opinion from the Attorney General as to whether a company owned by an individual with less than a 3.75 percent interest in Harrah's Jazz Company may employ or contract with the sibling of an elected official to provide consulting services unrelated to or provided for Harrah's Jazz Company.
Under the provisions of the Casino Act, La. R.S. 4:601 et seq, this arrangement would not appear prohibited.
La. R.S. 4:661 provides;
§ 661. Prohibited contacts with official gaming establishment and casino operator; public officers; penalties.
 A. No public officer as defined in R.S. 42:1 shall engage in any business activity with a casino gaming operator except as a patron in the official gaming establishment or other premises where authorized gaming activities are conducted.
 B. As used in this Section, business activity shall specifically include but not be limited to contracts:
 (1) For the sale or purchase of goods, merchandise, and services.
 (2) To provide or receive legal services, advertising, public relations, or any other business or personal service.
 (3) For the listing, purchasing, or selling of immovable property or options or real rights relating thereto.
 (4) Modifying ownership or possessory interests in stocks, bonds, securities, or any financial instrument.
 * * *
The definition of "public officer" under La. R.S. 42:1 is "any person holding a public office in this state."
Neither La. R.S. 4:661 nor La. R.S. 42:1 refer to members of the public officer's immediate family. Only the public officer is prohibited from engaging in business activity with the casino gaming operator.
It is the opinion of this office that the arrangement described in your request, employment of or contracting with a sibling of an elected official by a company other than the casino operator for services unrelated to or provided for the casino operator is not prohibited by the Casino Act.
This opinion does not address issues which may involve interpretation and application of the Code of Governmental Ethics La. R.S. 42:1101 et. seq. Those questions must be directed to the Board of Ethics for Elected Officials.
Should you need any further assistance, please contact our office.
Sincerely,
 ___________________________ RICHARD P. IEYOUB ATTORNEY GENERAL
RPI:epd
Date Received: June 15, 1995
Date Released:
TOM WARNER ASSISTANT ATTORNEY GENERAL